T.C. Memo. 1999-373


UNITED STATES TAX COURT


JOHN EDWARD TUCKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12129-98.          Filed November 10, 1999.


John Edward Tucker, pro se.

<u>Thomas A. Vidano</u>, for respondent.


MEMORANDUM OPINION


GOLDBERG, <u>Special Trial Judge</u>:  Respondent determined a deficiency in petitioner's 1995 Federal income tax in the amount of $2,670.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.

After a concession by petitioner,[1] the issue for decision is whether payments in the amount of $16,221.56 made by a school district to petitioner in his capacity as a Junior Reserve Officers' Training Corps (JROTC) instructor are excludable from gross income for the 1995 tax year.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Anaheim, California.

Petitioner retired from the U.S. Army as a First Sergeant in 1977 and worked as a JROTC instructor for the Anaheim Union High School District (school district) in 1995. Petitioner has been active in JROTC programs for the last 15 years.

In 1995 petitioner received $33,175.23 from the school district, and his spouse received wage income in the amount of $16,075 from Cal State University Foundation for a total of $49,250.23. Petitioner and his spouse reported a total of $33,028.67 of wage income on their 1995 Federal tax return.[2]

---

[1] Petitioner concedes that he and his spouse received interest in the amount of $35 from the Orange County Teachers Federal Credit Union in 1995, which was not reported as income on their joint 1995 Federal tax return.

[2] Petitioner also received $13,776 in retirement distributions in 1995, which amount petitioner duly reported on his 1995 Federal income tax return.

Petitioner excluded certain "military allowances" from gross income for the 1995 tax year in the amount of $16,221.56.

In a notice of deficiency dated April 8, 1998, respondent determined that the $16,221.56 amount is includable in petitioner's 1995 taxable income. This amount represents petitioner's purported 1995 "allowance" exclusions from his JROTC income. The inclusion of this amount results in computational adjustments to petitioner's medical and miscellaneous deductions.

Petitioner contends that he is entitled to exclude $16,221.56 of JROTC income from gross income for the 1995 tax year pursuant to 10 U.S.C. section 2031(d) and section 134.

Gross income includes all income from whatever source derived. See sec. 61. Military pay received by members of the U.S. Armed Forces is generally includable in gross income. See sec. 1.61-2(a)(1), Income Tax Regs.

Congress may specifically exempt certain items from inclusion in gross income. See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955). Certain military compensation, such as compensation received by members of the U.S. Armed Forces serving in combat zones, is excluded from gross income. See sec. 112. Additionally, military subsistence and uniform allowances and other amounts received as commutation of quarters are excluded from gross income. See sec. 1.61-2(b), Income Tax Regs.

The Reserve Officers' Training Corps Vitalization Act of 1964, Pub. L. 88-647, sec. 101, 78 Stat. 1063 (codified as amended at 10 U.S.C. section 2031 (1994)) provided for the establishment of JROTC units at public and private schools. Retired commissioned or noncommissioned officers may serve as instructors and administrators in JROTC units pursuant to 10 U.S.C. section 2031(d) which states:

> (d) Instead of, or in addition to, detailing officers and noncommissioned officers on active duty * * * the Secretary of the military department concerned may authorize qualified institutions to employ, as administrators and instructors in the program, retired officers and noncommissioned officers * * * whose qualifications are approved by the Secretary and the institution concerned and who request such employment, subject to the following:
>
> (1) A retired member so employed is entitled to receive the member's retired or retainer pay without reduction by reason of any additional amount paid to the member by the institution concerned. In the case of payment of any such additional amount by the institution concerned, the Secretary of the military department concerned shall pay to that institution the amount equal to one-half of the amount paid to the retired member by the institution for any period, up to a maximum of one-half of the difference between the member's retired or retainer pay for that period and the active duty pay and the allowances which the member would have received for that period if on active duty. Notwithstanding the limitation in the preceding sentence, the Secretary concerned may pay to the institution more than one-half of the additional amount paid to the retired member by the institution if (as determined by the Secretary) the institution is in an educationally and economically deprived area and the Secretary determines that such action is in the national interest. Payments by the Secretary concerned under this paragraph shall be made from funds appropriated for that purpose.
>
> (2) Notwithstanding any other provision of law, such a retired member is not, while so employed,

considered to be on active duty or inactive duty training for any purpose.

This Court has held that retired military personnel may not rely on 10 U.S.C. section 2031(d) to exclude income received as a JROTC instructor from gross income. See Lyle v. Commissioner, 76 T.C. 668, 675-676 (1981), affd. without published opinion 673 F.2d 1326 (5th Cir. 1982). In Lyle, we based our holding on the following finding of facts: (1) The plain language of 10 U.S.C. section 2031(d) does not authorize an exclusion from gross income for amounts paid to JROTC instructors not on active duty; and (2) JROTC instructors are employed by the local school district and are paid for services, partly funded by the Federal Government, rendered to that school district. See id.

Petitioner contends that this case is factually different from Lyle because in this case the Federal Government reimbursed the school district 100 percent of the school district's payments to petitioner rather than only 50 percent as in Lyle.

Petitioner is correct is asserting that the amount of Government reimbursement in Lyle differs from the amount of reimbursement in this case. Title 10 U.S.C. section 2031(d) was amended in 1992 to allow the Secretary to reimburse school districts located in "educationally and economically deprived" areas up to 100 percent of amounts paid for a JROTC instructor's

salary.[3]  This statutory change did not, however, result in payments to JROTC instructors, which would otherwise be includable in gross income pursuant to section 61, becoming excludable from gross income.

In addition to the above arguments, petitioner contends that a portion of his income from the JROTC program is excludable from gross income because it came directly from the Federal government and only passed through the school district.  Petitioner contends that because the school district is reimbursed for his wages and because the rate at which petitioner is paid by the school district is measured by the rate of pay he would otherwise have received if he were on active duty, petitioner's income from the school district should be treated the same as active duty pay and be partially excludable from gross income.

Petitioner's contract with the school district, titled: APPLICATION AND CONTRACT FOR ESTABLISHMENT OF A JUNIOR RESERVE OFFICERS' TRAINING CORPS UNIT, reads in pertinent part:

> e.  To pay retired personnel employed pursuant to paragraph 2d above:
>
> (1) As a minimum, an amount equal to the difference between their retired pay and the active duty pay and allowances, excluding hazardous duty pay, that they would receive if ordered to active duty for that period of time during which such personnel perform duties in direct support of Junior ROTC.  This should

---

[3]  Title 10 U.S.C. 2031(d) was amended by the National Defense Act for Fiscal Year 1993, Pub. L. 102-484, sec. 533(e), 106 Stat. 2315.

not be considered an attempt to cap or limit the amount of pay that may be agreed upon between the individual Junior ROTC instructor and the instructor's employer, however, the Army will pay no more than the computed Army formula. Salary will be recomputed as military pay raises and/or cost of living increases occur.

It is clear from the contract language that petitioner was able to negotiate his own rate of pay and that petitioner's active duty rate of pay was only a "minimum" guideline. Petitioner conceded at trial that each school district contract was different.

In Lyle v. Commissioner, supra, this Court stated that, "fairly construed", 10 U.S.C. section 2031(d) does "no more than establish a formula" for calculating the minimum amount of compensation a given school district would pay a JROTC instructor. See Lyle v. Commissioner, supra at 675. Regardless of the reimbursement arrangement or the scale by which his income was measured, it is clear that petitioner received income from the school district as wages for his work as a JROTC instructor. Simply put, if petitioner did not work as a JROTC instructor, the school district would not have paid him; petitioner's income from the school district was for services rendered, and, thus, it is not excludable from income.

It is undisputed in the record that petitioner retired from the U.S. Army in 1977 and was not on active duty in 1995. Additionally, 10 U.S.C. section 2031(d) clearly states that a

JROTC instructor "is not, while so employed, considered to be on active duty * * * for any purpose".

Petitioner also relies on section 134 to support an exclusion of a portion of his school district income from gross income and contends that our holding in Lyle v. Commissioner, supra, "was in part superseded by" section 134.  Section 134 provides in pertinent part:

> (a) General Rule.--Gross income shall not include any qualified military benefit.
>
> (b) Qualified Military Benefit.--For purposes of this section--
>
>> (1) In general.--The term "qualified military benefit" means any allowance or in-kind benefit (other than personal use of a vehicle) which--
>>
>>> (A) is received by any member or former member of the uniformed services of the United States or any dependent of such member by reason of such member's status or service as a member of such uniformed services, and
>>>
>>> (B) was excludable from gross income on September 9, 1986, under any provision of law, regulation, or administrative practice which was in effect on such date (other than a provision of this title).
>>
>> (2) No other benefit to be excludable except as provided by this title.--Notwithstanding any other provision of law, no benefit shall be treated as qualified military benefit unless such benefit--
>>
>>> (A) is a benefit described in paragraph (1), or
>>>
>>> (B) is excludable from gross income under this title without regard to any

provision of law which is not contained in a revenue Act.

Section 134 excludes only a "qualified military benefit" from gross income, which is defined as a benefit received by a taxpayer by reason of that taxpayer's status as a member or former member of the uniformed services and which was excludable from gross income on September 9, 1986. See sec. 134(b).

As mentioned above, this Court has already concluded that Congress did not intend to exclude payments received through a JROTC program from gross income under 10 U.S.C. section 2031(d). See Lyle v. Commissioner, supra at 675-676. Petitioner has made no other argument which would indicate that payments received from a JROTC program constituted a qualified military benefit and were otherwise excludable from gross income on September 9, 1986, pursuant to section 134(b)(1)(B).

Additionally, this Court has found that a taxpayer's entitlement to income from the JROTC program is not received by reason of that taxpayer's status as a member or former member of the uniformed services, but rather is received as compensation for services rendered. See Lyle v. Commissioner, supra at 675-676.

On the basis of the record, we find that petitioner was employed by the Anaheim Union School District and received compensation from the school district in 1995 for his services as a JROTC instructor. We further find that petitioner's income

from the school district did not qualify as a "qualified military benefit".  Accordingly, we hold that no portion of petitioner's income from the school district was excludable from his 1995 income.  Respondent is sustained on this issue.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.